UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TOMMY L. GRAY and <br> LINDA S. GRAY, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A. and <br> WILSON ASSOCIATES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:12-CV-105 <br> ) (VARLAN/GUYTON) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

This civil action is before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss [Doc. 3] plaintiffs' complaint for failing to provide a short, plain statement of the claims, failure to show that plaintiffs are entitled to relief, and failure to state claims for which relief may be granted, pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have not responded to the motion to dismiss and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. After reviewing BANA's motion, the memorandum in support, and plaintiffs' complaint, along with the relevant law, the Court finds the motion [Doc. 3] well-taken and it will be **GRANTED** for the reasons set forth herein. Plaintiffs' claims against BANA will therefore be **DISMISSED** and the Clerk of Court will be **DIRECTED** to **CLOSE** this case.

## I. Relevant Facts

The following facts are taken from the complaint and will be assumed as true for purposes of the motion to dismiss. *See, e.g.*, *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007) (noting that in ruling upon motions to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff").

According to the complaint, around December 2005, plaintiffs obtained a loan and purchased residential property located at 551 Kodak Oak Circle, Kodak, Tennessee (the "Property") [Doc. 1-2, ¶ 5; Doc. 3-1]. Around January 25, 2007, plaintiffs refinanced their loan for the Property with Countrywide Home Loans, Inc., granting a security interest in the Property via a Deed of Trust executed that same day [Doc. 1-1, ¶ 5; Doc. 3-1].[1] Around 2008, as a result of a decrease in plaintiffs' business and a failure to meet their monthly mortgage payments [Doc. 1-2, ¶ 8], plaintiffs attempted to qualify for a loan modification for which they were required to submit documentation to BANA on multiple occasions [*Id.*, ¶¶ 8, 9].

---

[1]BANA has attached the Deed of Trust to its motion to dismiss [Doc. 3-1]. Plaintiffs' complaint also references the Deed of Trust [Doc. 1-2]. In addressing a motion under Rule 12(b)(6), the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss as long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

In May 2009, plaintiffs were offered a trial period plan ("TPP") under the Home Affordable Mortgage Program ("HAMP") under which they were not required to submit financial information [*Id.*, ¶¶ 10-11]. Thereafter, on July 6, 2009, directives under HAMP were released that required servicers to refrain from executing a TPP prior to a complete financial review and a determination of eligibility based on submitted documentation [*Id.*, ¶ 12]. Plaintiffs allege that due to this directive, BANA should not have offered plaintiffs the TPP it offered them in May 2009 [*Id.*, ¶ 20a]. Plaintiffs allege they paid the TPP amount each month, starting in June 1, 2009, and continued making the payments for twenty-one (21) months [*Id.*, ¶ 11]. In May 2011, more than twenty-two (22) months later, plaintiffs allege they were informed, without an explanation as to the basis for the denial, that they did not qualify for a HAMP loan modification [*Id.*, ¶ 13]. Accordingly, plaintiffs allege that they are entitled to a loan modification under HAMP and that BANA did not provide one [*Id.*, ¶¶13-18].

Plaintiffs commenced the instant lawsuit by filing a complaint in the Circuit Court of Sevier County, Tennessee [Doc. 1-1], alleging claims against BANA including fraud, breach of fiduciary duty, predatory lending practices,[2] and violation of the Tennessee Consumer Protection Act ("TCPA"). BANA removed the case to this Court, pursuant to 28 U.S.C. §

---

[2]The Court is unaware of any act or other statute under which this claim arises and therefore the Court has considered it as part and parcel of plaintiffs' TCPA claim.

1441(a) and based upon diversity jurisdiction [Doc. 1], and filed the instant motion to dismiss [Doc. 3].[3]

## II. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In 2007, the United States Supreme Court modified the pleading standard in the context of antitrust cases. *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notably, the Supreme Court held that in order to survive a 12(b)(6) motion to dismiss—which attacks the sufficiency of a complaint—the plaintiff must state a claim for relief that is plausible on its face. *Id.* In 2009, the Supreme Court extended the *Twombly* (or plausibility) standard to all federal civil cases. *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1953 (2009).

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a

---

[3]It appears to the Court that defendant Wilson & Associates, PLLC ("Wilson"), is the trustee for purposes of executing the foreclosure of the Property under the Deed of Trust that is the subject of plaintiffs' complaint and that Wilson is a nominal defendant in this matter as plaintiffs have asserted no causes of action against Wilson [Doc. 1-2, ¶ 19 (stating that Wilson was named solely as a party to the lawsuit in its capacity as substitute trustee for the property)].

Nominal parties have no interest in the results of suits, *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004), and there is an exception to the general removal rule that all defendants must join or consent in a petition for removal when a non-joining defendant is merely a nominal or formal party. *Local Union 172 International Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick Inc.*, 253 F. Supp. 2d 1022, 1027 (S.D. Ohio 2003) (noting that a co-defendant's consent was not sought because that defendant was believed to be nominal).

4

motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**III. Analysis**

    **A. Claim for Fraud**

In order to state a claim for fraud, a plaintiff must plead four elements: (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the requirement that the misrepresentation involve a past or existing fact. *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992). Fraud claims must also meet the heightened particularity requirement of Federal Rule of Civil Procedure 9(b). This requires allegations of time, place, and content of the alleged misrepresentation, the fraudulent intent of the defendant, and the resulting injury. *Coffey v. Foamex LP*, 2 F.3d 157, 161-62 (6th Cir. 1993); Fed. R. Civ. P.

5

9(b); *see also* Tenn. R. Civ. P. 9.02 (providing that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity").

Plaintiffs, however, merely aver that BANA made certain "statements" that were "fraudulent and misleading and that plaintiffs detrimentally relied upon such statements" [Doc. 1-1, ¶ 20]. Plaintiffs do not identify the individual who made the alleged statements, the substance of the alleged promises, or the time or place the statements were made. *See Coffey*, 2 F.3d at 161-62. In addition, plaintiffs have not alleged that the reliance alleged was reasonable and justified or how such reliance resulted in damage. *See Dobbs*, 846 S.W.2d at 274. Given the foregoing, the Court concludes that plaintiffs have failed to meet the requirement of Rule 9(b) that they allege a claim for fraud with particularity and thus, plaintiffs' claim for fraud will be **DISMISSED**.

### B. Breach of Fiduciary Duty

Plaintiffs also allege that BANA "has breached their fiduciary duty to the Plaintiffs by not processing the loan modification through [HAMP] that the Plaintiffs are eligible for, [and] by denying the loan modification for the Plaintiffs without providing sufficient reasons for denial, and by not preserving the best [sic]." [Doc. 1-2, ¶ 21]. BANA asserts that these allegations fail to state a claim for breach of fiduciary duty because, as a creditor, BANA does not owe plaintiffs any fiduciary duty, nor has such a duty been breached, and even if there was such a duty, no cause of action under the alleged facts has been pled.

6

Under Tennessee law, a fiduciary relationship "arises when one person reposes special trust and confidence in another person and that other person—the fiduciary—undertakes to assume responsibility for the affairs of the other party." *Overstreet v. TRW Commercial Steering Div.*, 256 S.W.3d 626, 641-42 (Tenn. 2008) (considering a fiduciary duty in the context of a physician/patient relationship), *abrogated on other grounds recognized by Roach v. Dixie Gas Co.*, — S.W.3d —, 2011 WL 5517045 (Tenn. Ct. App. Nov. 14, 2011). Out of this relationship arises a fiduciary duty "to act for and to give advice for the benefit of the other person on matters within the scope of the relationship." *Id.* at 642. According to BANA, under Tennessee law, where the relationship between the parties is one of debtor and creditor, there is no fiduciary duty. *See Glazer v. First Am. Nat'l Bank*, 930 S.W.2d 546, 550 (Tenn. 1996). Tenn. Code Ann. § 45-1-127(a) provides that:

> No financial institution . . . shall be deemed or implied to be acting as a fiduciary or have a fiduciary obligation or responsibility to its customer or other parties, other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

Tenn. Code Ann. § 45-1-127(a).

Thus, although a fiduciary relationship may arise when a lending institution knows or has reason to know that a borrower has placed a special trust in the lender to counsel him or her, plaintiffs have not alleged any facts to demonstrate that this special trust relationship existed between them and BANA. *See Womac v. First Volunteer Bank*, No. 1:10-CV-00052,

7

Case 3:12-cv-00105-TAV-HBG   Document 5   Filed 08/06/12   Page 7 of 10   PageID #: 92

2012 WL 12465, at *9 (E.D. Tenn. Jan. 3, 2012). As a result, this claim fails and it will be **DISMISSED**. Accordingly, the Court need not address BANA's other argument.

### C. TCPA Claim

Plaintiffs also allege that BANA engaged in deceptive business practices in violation of the TCPA [Doc. 1-2, ¶ 23]. The complaint, however, contains no factual allegations describing what plaintiffs allege to be "deceptive business practices." Rather, plaintiffs allege only factual allegations relating to the chronology of events that precipitated the filing of their complaint and do not list any of the enumerated specific unfair or deceptive acts or practices that constitute violations of the TCPA. Thus, plaintiffs' seem to have attempted to allege that BANA, as mortgage holder of plaintiffs' loan, should not have preceded with foreclosure of the Property that serves as collateral for the loan and should have granted plaintiffs a HAMP loan modification instead [*Id.*, ¶¶ 9-19, 23].

In the motion to dismiss, BANA asserts that plaintiffs have failed to state a claim for violations of the TCPA because the TCPA does not apply to foreclosure disputes and plaintiffs' have done nothing more than make a conclusory legal statement in support of their alleged TCPA claim without meeting the heightened pleading requirement of the TCPA, which requires that heightened pleading requirements be met.

To recover under the TCPA, a plaintiff must allege the existence of: (1) an unfair or deceptive act or practice, (2) that causes (3) an ascertainable loss of money or property. Tenn. Code Ann. § 47-18-109(a)(1). Under the TCPA, a deceptive practice is one that is likely to mislead a reasonable consumer. *Hinton v. Wachovia Bank of Del. N.A.*, 189 F.

8

App'x 394, 400 (6th Cir. 2006). A plaintiff must also plead facts stating that the unfair or deceptive acts proximately caused his or her injuries. *White v. Early*, 211 S.W.3d 723, 741 (Tenn. Ct. App. 2006). In addition, for the TCPA to apply, "the unfair or deceptive acts must affect trade or commerce," as those terms are defined by the TCPA. *Davenport v. Bates*, No. M2005-02052-COA-R3-CV, 2006 WL 3627875 (Tenn. Ct. App. Dec. 12, 2006).

The Court agrees with BANA that the TCPA does not apply to foreclosure disputes, and will dismiss plaintiffs' TCPA claim for this reason. *See Flynn v. GMAC Mortg., LLC*, No. 3:11-CV-416, 2011 WL 4708858, at *2-*3 (E. D. Tenn. Oct. 4, 2011) (dismissing the plaintiff's TCPA claim because "the TCPA does not apply to repossession and collateral disposition activities by creditors, including foreclosure activities"); *Hunter v. Wash. Mut. Bank*, No. 2:08-CV-69, 2008 WL 4206604, at *5-*6 (E.D. Tenn. Sept. 10, 2008) (granting the bank's motion to dismiss TCPA claim based upon foreclosure); *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 841-42 (Tenn. 1996) (affirming the dismissal of the TCPA claim and holding that the bank's actions in repossessing collateral did not affect trade or commerce within the meaning of the TCPA). Thus, because the Court finds plaintiffs' allegations to be within the context of a "dispute [arising] over repossession of the collateral securing [a] loan," *Pursell*, 937 S.W. 2d at 842, the Court concludes that plaintiffs have failed to state a claim under the TCPA against BANA related to its foreclosure activities and this claim will also be **DISMISSED**.

**IV. Conclusion**

For the reasons given above, the Court finds BANA's Motion to Dismiss [Doc. 3] well-taken and it will be **GRANTED**. Plaintiff's claims against BANA will therefore be **DISMISSED**. Because the only other defendant in this case, Wilson, is a nominal defendant against whom plaintiffs have not alleged any claims, plaintiffs' complaint will therefore be **DISMISSED** in full and the Clerk of Court will be **DIRECTED** to **CLOSE** this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

10

Case 3:12-cv-00105-TAV-HBG   Document 5   Filed 08/06/12   Page 10 of 10   PageID #: 95